**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 21-1903**

―――――――――――

WEST VIRGINIA CWP FUND, as carrier for Justin Construction Company,

   Petitioner,

  v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; JESSE L. ATHEY,

   Respondents.

―――――――――――

On Petition for Review of an Order of the Benefits Review Board.  (20-0345-BLA)

―――――――――――

Submitted:  May 31, 2023       Decided:  July 11, 2023

―――――――――――

Before WYNN and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

―――――――――――

Petition denied by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:**  William S. Mattingly, JACKSON KELLY PLLC, Lexington, Kentucky, for Petitioner.  Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent Jesse L. Athey.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

West Virginia CWP Fund, as carrier for Justin Construction Fund ("Employer"), petitions this court for review of the Benefits Review Board's ("BRB") order affirming the Administrative Law Judge's ("ALJ") decision granting Jesse L. Athey's subsequent claim for benefits under the Black Lung Benefits Act (the "Act"), 30 U.S.C. §§ 901-944. Employer argues that Athey's claim was untimely and that the ALJ erroneously discredited Dr. George L. Zaldivar's opinion when concluding that Employer failed to rebut the presumption that Athey's total disability was due to pneumoconiosis. We deny the petition for review.

In evaluating an ALJ's decision that the BRB has affirmed, "[w]e review the BRB's decision for errors of law and to ensure the BRB's decision adhered to its statutory standard of review." *Dehue Coal Co. v. Ballard*, 65 F.3d 1189, 1193 (4th Cir. 1995). Our review is limited to considering "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law." *Westmoreland Coal Co. v. Stallard*, 876 F.3d 663, 668 (4th Cir. 2017) (internal quotation marks omitted). We review the legal conclusions of the BRB and the ALJ de novo. *Edd Potter Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 39 F.4th 202, 206 (4th Cir. 2022).

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted). "To determine whether this standard has been met, we consider whether all of the relevant

2

evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted).

"We are not at liberty to substitute our judgment for that of the ALJ but rather must defer to the ALJ's evaluation of the proper weight to accord the evidence, including conflicting medical opinions." *Westmoreland Coal Co. v. Cochran*, 718 F.3d 319, 322 (4th Cir. 2013) (internal quotation marks omitted). However, an ALJ remains obliged to conduct "an appropriate analysis of the evidence to support his conclusion." *Millburn Colliery Co. v. Hicks*, 138 F.3d 524, 529 (4th Cir. 1998). "[E]ven if legitimate reasons exist for rejecting or crediting certain evidence, the ALJ cannot do so for no reason or for the wrong reason." *Addison*, 831 F.3d at 252-53 (cleaned up). The ALJ also is required "to adequately explain why he credited certain evidence and discredited other evidence." *Hicks*, 138 F.3d at 532. While this requirement "is not intended to be a mandate for administrative verbosity," the reviewing court must be able to "discern what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (internal quotation marks omitted).

A miner must file a claim for benefits "within three years after a medical determination of total disability due to pneumoconiosis which has been communicated to the miner." 20 C.F.R. § 725.308(a); *see* 30 U.S.C. § 932(f). There is "a rebuttable presumption that every claim for benefits is timely filed." 20 C.F.R. § 725.308(b). A medical determination of total disability due to pneumoconiosis need not be communicated in writing to trigger the statute of limitations. *Island Creek Coal Co. v. Henline*, 456 F.3d

421, 425-26 (4th Cir. 2006). "[A] medical determination later deemed to be a misdiagnosis of pneumoconiosis by virtue of a superseding denial of benefits cannot trigger the statute of limitations for subsequent claims." *Consolidation Coal Co. v. Williams*, 453 F.3d 609, 618 (4th Cir. 2006).

In arguing that Athey's claim is untimely, Employer relies on Athey's testimony that a doctor told him around 2000 that he was totally disabled due to pneumoconiosis. We conclude that substantial evidence supports the ALJ's finding that no doctor informed Athey that he was totally disabled due to pneumoconiosis around 2000. The ALJ permissibly determined that Athey's response to a leading question on cross-examination was confused, lacking in detail and specificity, and not credible. The ALJ also permissibly relied on the testimony of Athey's wife as further support for the decision to discredit Athey's testimony. Additionally, contrary to Employer's argument, the ALJ did not commit error under *Heline*. Instead, the ALJ noted the absence of a written report only to emphasize Employer's failure to bolster Athey's testimony with more concrete evidence. We therefore affirm the agency's determination that Athey's claim was timely.

Turning to the merits of Athey's claim, to establish entitlement to living miner's benefits under the Act, the miner must prove: "(1) that he has pneumoconiosis, in either its clinical or legal form; (2) that the pneumoconiosis arose out of coal mine employment; (3) that he is totally disabled by a pulmonary or respiratory impairment; and (4) that his pneumoconiosis is a substantially contributing cause of his total disability." *W. Va. CWP Fund v. Bender*, 782 F.3d 129, 133 (4th Cir. 2015) (internal quotation marks omitted); *see* 20 C.F.R. §§ 718.204(c)(1), 725.202(d)(2). However, if the miner was employed in

4

underground coal mines for 15 years or more, has had a chest x-ray interpreted as negative for complicated pneumoconiosis, and demonstrates that he has a totally disabling respiratory or pulmonary impairment, he is entitled to a rebuttable presumption that he is totally disabled due to pneumoconiosis (the "15-year presumption").   30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(b)(1), (c)(1).  When the 15-year presumption applies, "we presume both prongs of the showing required for benefits eligibility: that the claimant has pneumoconiosis arising from coal mine employment, and that this disease is a substantially contributing cause of his disability," shifting the burden to the employer to affirmatively rebut the presumption.  *W. Va. CWP Fund v. Dir., Office of Workers' Comp. Programs*, 880 F.3d 691, 695 (4th Cir. 2018) (internal quotation marks omitted).

A miner may prove total disability through: (1) qualifying pulmonary function tests; (2) qualifying arterial blood gas studies; (3) a showing that the miner has pneumoconiosis and the medical evidence demonstrates that he "suffer[s] from cor pulmonale with right-sided congestive heart failure"; or (4) well-documented and well-reasoned physicians' opinions "conclud[ing] that [the] miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in" his last coal mining job or similar work.  20 C.F.R. § 718.204(b)(2); *see* 20 C.F.R. § 718.204(b)(1).  A "miner can establish total disability upon a mere showing of evidence that satisfies any one of the four alternative methods, but only in the absence of contrary probative evidence."  *Lane v. Union Carbide Corp.*, 105 F.3d 166, 171 (4th Cir. 1997) (cleaned up).  "If contrary probative evidence exists, the ALJ must assign the contrary evidence appropriate weight and determine whether it outweighs

5

the evidence that supports a finding of total disability." *Hicks*, 138 F.3d at 529 (internal quotation marks omitted).

Employer argues that the ALJ erroneously failed to consider all the relevant information and explanations provided by Zaldivar when concluding that his opinion failed to rebut the 15-year presumption. We conclude that the ALJ's opinion was well-reasoned and supported by substantial evidence. As the ALJ noted, Zaldivar opined that Athey's 2017 fall caused his hypoxemia. However, the ALJ permissibly determined that Zaldivar failed to adequately account for a qualifying 1999 arterial blood gas study when he based his determination of causation on a nonqualifying 2015 arterial blood gas study. Zaldivar himself noted that the 2015 arterial blood gas study was an outlier which differed from all other arterial blood gas studies on record, but he did not explain why it was more entitled to weight than the 1999 study.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*